DENNIS E. MURRAY, SR.
DENNIS E. MURRAY
CHARLES M. MURRAY
MARGARET M. MURRAY
JAMES L. MURRAY
FLORENCE J. MURRAY
WILLIAM H. BARTLE
DONNA JEAN EVANS
JOSEPH A. GALEA
MATTHEW R. JANACK

EMMETT MURRAY (1903-1980)
THOMAS MURRAY (1907-1974)
MICHAEL T. MURRAY (1944-2011)
W. PATRICK MURRAY (1940-2017)

FAX: (419) 624-0707



January 4, 2021

**VIA** ECF
Magistrate Judge Kimberly A. Jolson
United States District Court
Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse
Room 200
85 Marconi Boulevard
Columbus, OH 43215

Re: *Smith v. First Energy Corp.*, *et al.*,
Case No. 2:20-cv-03755 and related and
consolidated cases

Dear Magistrate Judge Jolson:

The undersigned attorneys represent Plaintiffs-Ratepayers in the three first-filed proposed class actions brought on behalf of FirstEnergy customers who seek redress in connection with the $61 million bribery payments which resulted in passage of House Bill 6. We submit this letter brief pursuant to your Notation Order dated December 21, 2020. ECF No. 34.

As Your Honor knows from the submission of the Joint Rule 26 Report, the parties have concluded their conference and now await this Court's scheduling of a Rule 16 Initial Conference. Defendants requested that all discovery in these consolidated cases be stayed pending resolution of the criminal case which is before Judge Black. Plaintiffs-Ratepayers filed their opposition to Defendants' motion for such relief (ECF No. 29) and, for the reasons set forth herein, we are prepared to proceed with at least limited discovery at this time.

On December 21, 2020, Your Honor directed the parties to submit letter briefs to address the impact of the preliminary injunction entered by Judge Christopher Brown in the Franklin County case(s), *State v. FirstEnergy Corp.*[1] At that time, Chief Judge Algenon Marbley of this

---

[1] On December 23, 2020, without seeking leave of Court, as required by Local Rule 7.2(a)(2), Defendants filed a "Notice of Supplemental Authority," which improperly advanced unsolicited arguments concerning Defendants' pending motion to dismiss. Defendants' unauthorized filing should be stricken. *See Vickers v. Fairfield Med. Ctr.,* No. 2:03-CV-858,

Court had not yet entered his Opinion & Order in *In Employees Retirement System of the City of St. Louis v. Jones, et al.*, Case No. 2:20-cv-04813, 2020 WL 7487839 (S.D. Ohio Dec. 21, 2020),[2] a securities fraud case in which defendants requested a stay of proceedings until resolution of the pending motion to dismiss in a related case. Chief Judge Marbley considered defendants' arguments and denied the request to stay the prosecution of the securities fraud claims arising out of the FirstEnergy bribery scheme. We believe his rationale should apply with equal measure here, and that Plaintiffs-Ratepayers would be permitted to proceed with fact discovery and, in particular, the production of documents by Defendants.

Since the decisions of Judge Marbley and Judge Brown, the Supreme Court of Ohio entered an order in *In re Matter of Establishing the Clean Air Fund Rider Pursuant to R.C. 3706.46* on December 28, 2020. Ohio Supreme Court Case No. 2020-1488. The Court granted a temporary stay of the charges to be assessed to customers to subsidize the Clean Air Fund and allowed supplemental briefs to be filed within twenty days of the order. The Court also ordered expedited briefing with the merits briefing to be completed within sixty days of filing of the records and expressly barred any extensions. *12/28/2020 Case Announcements #2*, 2020-Ohio-6913. Supplemental briefing will be completed by January 19, 2021.

There is ample further support in this District that Plaintiffs-Ratepayers should be permitted to proceed with at least written discovery and document production even while the criminal case is pending:

- *ArmorSource LLC v. Kapah* No. 2:18-cv-905, 2019 U.S. Dist. LEXIS 34909, 2019 WL 1039748 (S.D. Ohio, March 5, 2019) (Smith, J.) where only one defendant was criminally charged yet moved for a stay of the entire matter:

  "At the same time, given the relatively large number of other defendants who have no criminal proceedings pending or impending, it makes sense for ArmorSource to continue its discovery efforts as to the remaining defendants rather than staying the entire case." 2019 U.S. Dist. LEXIS 34909, at *5.

- *Kirby Devs., LLC v. XPO Global Forwarding, Inc.*, No. 2:18-cv-500, 2018 U.S. Dist. LEXIS 197742, 2018 WL 6075071 (S.D. Ohio, Nov. 20, 2018) (Smith, J.):

  "But here, where there are no indications that a criminal investigation is actually ongoing as to Wilkin [the movant]. Thus, there is no way for the Court to evaluate the extent to which the two proceedings may overlap and the effects a criminal investigation might

---

2006 WL 5549247, at *1 n.1 (S.D. Ohio July 19, 2006) (Frost, J.) (citing *Powell v. Computer Credit, Inc.,* 975 F. Supp. 1034, 1040 n.3 (S.D. Ohio 1997) (Dlott, J.) (holding that a party should seek leave of Court before filing a notice of supplemental authority)).

[2] For this Court's convenience, attached to this letter brief is a copy of Chief Judge Marbley's Opinion & Order.

2

have on the civil litigation.  Even if Wilkin had evidence of a criminal investigation, his Fifth Amendment concerns are attenuated by the lack of an indictment." 2018 U.S. Dist. LEXIS 197742, at *14.

For a co-defendant who had been criminally charged, Judge Smith relied on the Sixth Circuit's decision in *F.T.C. v. E.M.A. Nationwide, Inc.,* 767 F.3d 611 (6th Cir. 2014), and denied the stay.  2018 U.S. Dist. LEXIS 197742, at *15.

- *Swink v. Montgomery Cty. Bd. of Commissioners*, No. 3:16-cv-392, 2017 U.S. Dist. LEXIS 82968, 2017 WL 2349712 (S.D. Ohio May 31, 2017) (Newman, M.J., for Rice, J.):

Where there was a pending criminal investigation targeting one party, Judith Sealey, the Court imposed a 90-day stay only of interrogatories and deposition of that party.  2017 U.S. Dist. LEXIS 82968, at *8.  "The Court, at this time, finds no need to impose any stay with regard to the production of documents from Defendant Sealey because she fails to show any Fifth Amendment implications arising from such production."  *Id.* at *7, fn. 4.  See also, *U.S. v. Pelto*, 1991 U.S. App. LEXIS 19703 (6th Cir.); *Fisher v. U.S.*, 425 U.S. 391 (1976).

- *Sherrod v. Williams*, No. 3:14-cv-454, 2016 U.S. Dist. LEXIS 198278,  2016 WL 111608824 (S.D. Ohio, March 2, 2016) (Rice, J.)

Court allowed 90-day stay of depositions in light of possible criminal charges and allowed other discovery to proceed.  2016 U.S. Dist. LEXIS 198278, *4, 11.

- *Claborn v. Ohio*, No. 2:11-cv-679, 2011 U.S. Dist. LEXIS 137629, 2011 WL 5999040 (S.D. Ohio, Nov. 30, 2011) (Smith, J.)

Plaintiff's motion to stay pending appellate review of a criminal conviction was denied because the outcome of the appellate matter would not impact the matter pending before the court.  2011 U.S. Dist. LEXIS 137629, at *6-7.

- *S.E.C. v. Abdallah,* 313 F.R.D. 59, 65 (N.D. Ohio 2016) (Oliver, Ch.J.) (limited 90-day stay imposed while permitting the SEC "to continue discovery to the full extent permitted under the Federal Rules of Civil Procedure" with respect to document production).

While Plaintiffs-Ratepayers believe that the appropriate path for this case to proceed is aligned with Chief Judge Marbley's rationale in his recent Order and Opinion, we also believe that a streamlined discovery protocol can proceed at this time.  In that light and because Judge Timothy Black has scheduled a status conference in the criminal case for March 11, 2021, we respectfully submit that the parties in these cases should: (1) promptly exchange their Rule 26(a)(1) initial disclosures; (2) be permitted to serve written interrogatories and requests for production of documents; (3)  issue subpoenas duces tecum to third party witnesses; and, (4) refrain from noticing or taking depositions until after the status conference in the criminal case,

at which time the parties and this Court will be in a better position to evaluate and assess how further to proceed.

Respectfully submitted,

/s/ *Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
Margaret M. Murray (0066633)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH  44870-2517
Telephone:     (419) 624-3126
Facsimile:      (419) 624-0707
Email: dmj@murrayandmurray.com
           mmm@murrayandmurray.com


/s/ *Richard M. Kerger*
Richard M. Kerger (0015864)
The Kerger Law Firm, LLC
4159 Holland Sylvania Road, Suite 101
Toledo, OH  43623
Telephone:     (419) 255-5990
Email: rkerger@kergerlaw.com


/s/ *Marvin A. Miller*
Marvin A. Miller, Pro Hac Vice
Andrew Szot, Pro Hac Vice
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL   60603
Telephone:     (312) 332-3400
Facsimile:      (312) 676-2676
Email: mmiller@millerlawllc.com
           aszot@millerlawllc.com


/s/ *Kevin P. Roddy*
Kevin P. Roddy, Pro Hac Vice
Wilentz, Goldman & Spitzer P.A. NJ
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ  07095- 0958
Telephone:     (732) 855-6402
Facsimile:      (732) 726-6686
Email: kroddy@wilentz.com