**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JACOB SMITH,** | |
| **Plaintiff,** | |
| **v.** | |
| **FIRSTENERGY CORP. AND FIRSTENERGY SERVICE COMPANY,** | |
| **Defendants.** | |
| **BRIAN HUDOCK AND CAMEO COUNTERTOPS, INC.,** | **Case Nos. 2:20-cv-03755, 03954, 03987** |
| **Plaintiffs,** | |
| **v.** | **Judge Edmund A. Sargus** |
| **FIRSTENERGY CORP.,** *et al.*, | **Magistrate Judge Kimberly A. Jolson** |
| **Defendants.** | |
| **JAMES BULDAS,** | |
| **Plaintiff,** | |
| **v.** | |
| **FIRSTENERGY CORP.,** *et al.*, | |
| **Defendants.** | |

**ANSWER OF DEFENDANT CHARLES E. JONES TO PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Charles E. Jones answers the Plaintiffs' Consolidated Class Action Complaint (the "Complaint") as follows.  Unless otherwise expressly indicated, Jones is without knowledge or information sufficient to form a belief as to the allegations regarding the actions of other individuals or entities, which allegations are therefore denied.

To the extent that the Complaint's introduction alleges any facts, Jones denies all allegations involving him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the introduction and therefore denies the same.

1.      Jones admits that Plaintiff Smith is a plaintiff in this case.  Jones states that HB 6 speaks for itself.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 regarding Plaintiff Smith's residence, the ownership of his home, and the payment of electric bills and therefore denies the same.  Jones denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Jones admits that Plaintiff Buldas is a plaintiff in this case.  Jones states that HB 6 speaks for itself.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 regarding Plaintiff Buldas' residence, the ownership of his home, and the payment of electric bills and therefore denies the same.  Jones denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Jones admits that Plaintiff Hudock is a plaintiff in this case.  Jones states that HB 6 speaks for itself.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 regarding Plaintiff

Hudock's residence, the ownership of his home, and the payment of electric bills and therefore denies the same. Jones denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Jones admits that Cameo Countertops, Inc. is a plaintiff in this case. Jones states that HB 6 speaks for itself. Jones denies that he injured Plaintiff Cameo Countertops, Inc. Jones lacks knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Jones admits that FirstEnergy Corp. is an Akron, Ohio-based public utility holding company involved in the generation, transmission, and distribution of electricity, and that its agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. Jones admits that FirstEnergy Service Company is an Ohio corporation with its principal place of business in Akron, Ohio and is a wholly owned subsidiary of FirstEnergy Corp; that FirstEnergy Service Company does not have its own Chief Executive Officer ("CEO") or Board of Directors, and its agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio; and that FirstEnergy Service Company provides legal, financial, and other corporate support services to various entities. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7.      Jones admits that he served as CEO and as Director of FirstEnergy Corp between 2015 and 2020.  Jones admits that: James Pearson served as Chief Financial Officer ("CFO") of FirstEnergy Corp. until March 2018, when he transitioned to Vice President of Finance until his retirement on April 1, 2019; Steven E. Strah is CEO and President of FirstEnergy Corp. and previously served as CFO (March 2018–May 2020); K. Jon Taylor became CFO in May 2020, following Strah, and was FirstEnergy's Controller and Chief Accounting Officer until March 2018, after which he became President of FirstEnergy's Ohio Operations and, in 2019, its Vice President of Utilities Operations; and Michael J. Dowling was the Senior Vice President, External Affairs of FirstEnergy Corp. and was a member of the FirstEnergy Leadership Council until October 2020.  Jones lacks knowledge or information sufficient to form a belief as to the definition of the "Class Period" because the Complaint fails to define it and therefore denies the same.  Jones admits that copies of the Indictment and Criminal Complaint (the "Charging Documents") in *United States v. Householder et al.*, No. 1:20-cr-077 are attached to the Complaint.  Jones is not named as a Defendant in the Charging Documents.  Jones denies that he engaged in any wrongdoing.  Jones further denies that he had knowledge of any wrongful activities alleged in the Charging Documents.  Jones denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Jones states that the statutes cited in Paragraph 8 of the Complaint speak for themselves.  Jones admits that this Court has jurisdiction over this dispute and that venue is proper.

9.      Jones states that the statutes cited in Paragraph 9 of the Complaint speak for themselves.  Jones denies that he violated any of the cited statutes. Jones denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.      Jones states that the Charging Documents speak for themselves.  Jones is not named as a Defendant in the Charging Documents.  Jones denies that he engaged in any wrongdoing.  Jones further denies that he had knowledge of any wrongful activities alleged in the Charging Documents.  The parenthetical at the end of Paragraph 10 is a legal conclusion to which no response is required.  Jones denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.      The statement in Paragraph 11 of the Complaint is not a factual allegation and therefore does not require a response.  Nonetheless, Jones incorporates by reference his responses in the preceding paragraphs.  Answering further, Jones is not named in the Charging Documents.  Jones denies that he engaged in any wrongdoing.  Jones further denies that he had knowledge of any wrongful activities alleged in the Charging Documents.

12.      Jones denies, to the extent that the alleged wire transfers were made, that the alleged wire transfers were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those transfers.  Jones lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13. Jones states that SB3 speaks for itself. Jones denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Jones states that SB3 speaks for itself. Jones denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16. Jones states that SB221 speaks for itself. Jones denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Jones states that SB221 speaks for itself. Jones denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Jones states that SB221 speaks for itself. Jones denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. Jones states that natural gas prices have varied over time, and that FirstEnergy's generating fleet makeup has also varied over time. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21. Jones states that reports filed with PUCO referenced in Paragraph 21 speak for themselves. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

22.     Jones states that the 2013 report on Ohio Energy Efficiency Standards by the American Council for an Energy Efficient Economy referenced in Paragraph 22 speaks for itself. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25.     Jones admits that SB 310 was signed into law in June 2014. Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

26.     Jones denies the allegations in Paragraph 26 of the Complaint.

27.     Jones states that FirstEnergy Corp.'s November 2016 Annual Report to Shareholders referenced in Paragraph 27 speaks for itself. Jones denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Jones avers that Paragraph 28 purports to selectively quote from FirstEnergy Corp.'s 2016 fourth-quarter earnings conference call, which speaks for itself. Jones denies remaining allegations in Paragraph 28 of the Complaint.

29.     Jones admits that the cited bills did not pass. Jones denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Jones admits that Larry Householder traveled to Washington D.C. in January 2017 on a FirstEnergy Corp. plane.  Jones avers that Householder reimbursed the company for the cost of the travel.  Jones admits that in 2017 First Energy Service Company made four $250,000 contributions to Generation Now.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of the Complaint and therefore denies the same.

31.     Jones admits that Larry Householder was elected as Speaker of the House in January 2019 and that HB6 was introduced in 2019.  Jones denies that he was part of any corrupt bargain.  Jones states that HB6 speaks for itself.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

32.     Jones denies the allegations in Paragraph 32 of the Complaint to the extent they refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33.     Jones admits that HB6 passed the House and later was signed into law by Governor DeWine.  Jones admits that a statewide ballot-initiative referendum was organized.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.     Jones denies, to the extent that the alleged wire transfers were made, that the alleged wire transfers were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those transfers and lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint and therefore denies the same.

35.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the alleged Householder Enterprise and therefore denies the same.   Jones denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Jones denies, to the extent that the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of the Complaint and therefore denies the same.

37.     Jones admits that Householder became Speaker of the Ohio House of Representatives in January 2019.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37 of the Complaint and therefore denies the same.

38.     Jones admits that Householder became Speaker of the Ohio House of Representatives in January 2019.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38 of the Complaint and therefore denies the same.

39.     Jones denies, to the extent that the alleged payments were made, that the payments referenced in Paragraph 39 of the Complaint were bribes.   Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 39 of the Complaint and therefore denies the same.

40.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint and therefore denies the same.

41.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint and therefore denies the same.

42.     To the extent the allegations in Paragraph 42 refer to actions by Jones, the allegations are denied.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42 of the Complaint and therefore denies the same.

43.     Jones denies, to the extent that the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43 of the Complaint and therefore denies the same.

44.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint and therefore denies the same.

45.     Jones denies, to the extent that the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 45 of the Complaint and therefore denies the same.

46.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint and therefore denies the same.

47.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint and therefore denies the same.

48.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint and therefore denies the same.

49.     Jones avers that Paragraph 49 purports to reference the Charging Documents, which speak for themselves.  Jones is not named as a Defendant in the Charging Documents.  Jones denies that he engaged in any wrongdoing. Jones further denies that he had knowledge of any wrongful activities alleged in the Charging Documents.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 49 of the Complaint and therefore denies the same.

50.     Jones denies, to the extent the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones denies the allegations contained in Paragraph 50 that relate to him.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 50 of the Complaint and therefore denies the same.

51.     Jones denies, to the extent the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with

respect to those payments and denies that he was involved in any bribery scheme.  Jones admits that Generation Now was registered as a 501(c)(4) organization.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of the Complaint and therefore denies the same.

52.     Jones denies the allegations contained in Paragraph 52 of the Complaint, including its subparts, to the extent they refer to actions taken by him.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52 of the Complaint, including the subparts to that paragraph, and therefore denies the same.

53.     Jones admits that Generation Now was registered as a Section 501(c)(4) organization.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 53 of the Complaint and therefore denies the same.

54.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint and therefore denies the same.

55.     Jones denies the allegations contained in Paragraph 55 of the Complaint.

56.     Jones denies the allegations contained in Paragraph 56 of the Complaint.

57.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint and therefore denies the same.

58.     Jones denies the allegations contained in Paragraph 58 of the Complaint.

59.     Jones denies the allegations contained in Paragraph 59 of the Complaint.

60.    Jones denies, to the extent the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 60 of the Complaint and therefore denies the same.

61.    Jones admits that FirstEnergy Service Company made four $250,000 contributions to Generation Now in 2017.  Jones denies, to the extent the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any illicit or unlawful activities or conduct.  Jones lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 61 of the Complaint and therefore denies the same.

62.    Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint and therefore denies the same.

63.    Jones admits that Householder was elected Speaker of the House on January 7, 2019.  Jones denies the remaining allegations in Paragraph 63 of the Complaint.

64.    Jones denies, to the extent the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones admits that certain payments were made by FirstEnergy Service to Generation Now but denies that any such payments provide evidence of a corrupt arrangement with FirstEnergy, FirstEnergy Services, and the Individual Defendants.  Jones denies that he engaged in any illicit, unlawful, or corrupt conduct.  Jones denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Jones denies, to the extent the alleged payments were made, that the alleged payments were illicit or unlawful and denies that he engaged in any unlawful conduct with respect to those payments.  Jones further denies that he was involved in any unlawful scheme or unholy or illicit agreement.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 65 of the Complaint and therefore denies the same.

66.     Jones avers that Paragraph 66 purports to reference the legislative history of HB6 and the Criminal Complaint, which speak for themselves.  Jones is not named as a Defendant in the Charging Documents.  Jones denies that he engaged in any wrongdoing.  Jones further denies that he had knowledge of any wrongful activities alleged in the Charging Documents.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 66 of the Complaint and therefore denies the same.

67.     Jones denies the first sentence of Paragraph 67 of the Complaint.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 67 of the Complaint and therefore denies the same.

68.     Jones avers that Paragraph 68 purports to reference the Criminal Complaint, which speaks for itself.  Jones is not named as a Defendant in the Charging Documents.  Jones denies that he engaged in any wrongdoing.  Jones further denies that he had knowledge of any wrongful activities alleged in the Charging Documents.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 68 of the Complaint and therefore denies the same.

69.     Jones admits that certain payments were made by FirstEnergy Service. Jones denies that he engaged in any illicit, unlawful, or corrupt conduct.    Jones denies the remaining allegations in Paragraph 69 of the Complaint.

70.     Jones admits that the referendum campaign did not collect enough signatures.  Jones denies that he participated in any bribery or brutality, and therefore denies the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Jones states that the proceedings before the bankruptcy court speak for themselves.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 71 of the Complaint and therefore denies the same.

72.     Jones states that the PJM analysis and website cited in Paragraph 72 speak for themselves.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 72 of the Complaint and therefore denies the same.

73.     Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint and therefore denies the same.

74.     Jones avers that Paragraph 74 purports to reference HB6 and selectively quote from an Ohio Manufacturers' Association article, including a quote from Jones, which speak for themselves.  Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 74 of the Complaint and therefore denies the same.

75.     Jones states that the PJM estimation and HB6, both cited in Paragraph 75, speak for themselves.  Jones lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations contained in Paragraph 75 of the Complaint and therefore denies the same.

76. The first three sentences of Paragraph 76 of the Complaint are not factual allegations that require a response, but to the extent a response is required, Jones denies the allegations therein. Jones denies the existence of a bribery scheme or bribery scandal and denies Plaintiffs' characterization of HB6 as an "indelible stain." Jones lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 76 of the Complaint and therefore denies the same.

77. Jones denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Jones denies all allegations therein.

79. Paragraph 79 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Jones denies all allegations therein.

80. Paragraph 80 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Jones denies all allegations therein.

81. Paragraph 81 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Jones denies all allegations therein.

82.      Paragraph 82 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

83.      Paragraph 83 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

84.      Paragraph 84 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

85.      Paragraph 85 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

86.      Paragraph 86 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

87.      Paragraph 87 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

88.      Paragraph 88 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

89.      Paragraph 89 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

90.     Paragraph 90 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

91.     Paragraph 91 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

92.     Jones incorporates his previous responses by reference.

93.     Paragraph 93 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

94.     Paragraph 94 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein

95.     Jones denies the allegations in Paragraph 95 of the Complaint.

96.     Jones denies the allegations in Paragraph 96 of the Complaint.

97.     Jones denies the allegations in Paragraph 97 of the Complaint.

98.     Jones denies the allegations in Paragraph 98 of the Complaint.

99.     Jones denies the allegations in Paragraph 99 of the Complaint.

100.    Jones denies the allegations in Paragraph 100 of the Complaint.

101.    Jones denies the allegations in Paragraph 101 of the Complaint.

102.    Jones denies the allegations in Paragraph 102 of the Complaint.

103.    Jones denies the allegations in Paragraph 103 of the Complaint.

104.    Jones denies the allegations in Paragraph 104 of the Complaint.

105.    Jones denies the allegations in Paragraph 105 of the Complaint.

106.    Jones denies the allegations in Paragraph 106 of the Complaint.

107.    Jones denies the allegations in Paragraph 107 of the Complaint.

108.    Jones denies the allegations in Paragraph 108 of the Complaint.

109.    Jones incorporates his previous responses by reference.

110.    Jones denies the allegations in Paragraph 110 of the Complaint.

111.    Jones denies the allegations in Paragraph 111 of the Complaint.

112.    Jones denies the allegations in Paragraph 112 of the Complaint.

113.    Jones denies the allegations in Paragraph 113 of the Complaint.

114.    Jones incorporates his previous responses by reference.

115.    Jones denies the allegations in Paragraph 115 of the Complaint.

116.    Jones incorporates its previous responses by reference.

117.    No response is required to Paragraph 117 of the Complaint because Count Four is not asserted against Jones.  To the extent a response is required, Jones denies all allegations therein.

118.    Jones incorporates its previous responses by reference.

119.    Paragraph 119 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Jones denies all allegations therein.

118.    Jones denies the allegations in Paragraph 118 of the Complaint.[1]

119.    Jones denies the allegations in Paragraph 119 of the Complaint.

---

[1] The Consolidated Complaint has two Paragraphs numbered 118.  Additionally, "119" appears within the first Paragraph 118 signaling an additional Paragraph 119.  Jones' answers are in the same order of the allegations in the Consolidated Complaint.

120.    Jones denies the allegations in Paragraph 120 of the Complaint.

The remainder of the Consolidated Complaint contains Plaintiffs' prayer for relief, to which no response is required.  To the extent one is required, Jones denies any allegations therein and further avers that Plaintiffs are not entitled to the relief sought, or any relief, in this action.

Unless expressly admitted, each and every allegation in the Consolidated Complaint is denied.

**ADDITIONAL DEFENSES**

Jones sets forth the following Additional Defenses to the Consolidated Complaint. Jones reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1.    Plaintiffs' claims are barred, in whole or in part, by the lack of actual or proximate causation.

2.    Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to assert any of the causes of action or requests for relief contained in the Complaint.

3.    Plaintiffs' claims are barred by the filed-rate doctrine.

4.    Plaintiffs' claims are barred to the extent they did not suffer any cognizable injury, or damages.

5.    Plaintiffs' claims are barred to the extent they have failed to join necessary and indispensable parties under Federal Rule of Civil Procedure 19.

6.    Plaintiffs' claims are barred to the extent that Jones does not owe a statutory or common law duty to Plaintiffs.

7.    Plaintiffs' claims may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

8.      Plaintiffs' claims are barred by the First Amendment of the United States Constitution.

9.      Plaintiffs' claims are barred by Section 11 of the Ohio Constitution.

10.     Plaintiffs' claims are barred to the extent they are precluded by any agreement between Plaintiffs and Defendants.

11.     Plaintiffs' claims against Jones under 18 U.S.C. § 1962(c) and (d) and Ohio Rev. Code § 2923.32(A)(1) are barred because Jones was not employed by or associated with an "enterprise," as that term is defined in 18 U.S.C. § 1961(4) and Ohio Rev. Code § 2923.31(C).

12.     Plaintiff's claims against Jones under 18 U.S.C. § 1962(c) and (d) and Ohio Rev. Code § 2923.32(A)(1) are barred because Jones did not conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity, nor did Jones conspire to do so.

13.     Plaintiffs' claims against Jones under 18 U.S.C. § 1962(c) and (d) and Ohio Rev. Code § 2923.32(A)(1) are barred because Jones had no knowledge of an enterprise or its operations.

14.     Plaintiffs' claims against Jones under 18 U.S.C. § 1962(c) and (d) and Ohio Rev. Code § 2923.32(A)(1) are barred because Jones did not intend to participate in an enterprise.

15.     Plaintiffs' claims against Jones under 18 U.S.C. § 1962(c) and (d) and Ohio Rev. Code § 2923.32(A)(1) are barred because Plaintiffs did not suffer any injuries as a result of the alleged violation of 18 U.S.C. § 1962 or Ohio Rev. Code § 2923.32(A)(1).

16.     Plaintiffs' Consolidated Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## REQUEST FOR JUDGMENT

Based on the foregoing, Jones respectfully requests that the Court enter judgment in favor of Jones; that the Consolidated Complaint against him be dismissed in its entirety with prejudice; and that the Court award Jones any further relief as the Court deems just and proper.

March 10, 2021

Respectfully submitted,

*/s/ Daniel R. Warren*
Daniel R. Warren (0054595)
Carole S. Rendon (0070345)
Terry M. Brennan (0065568)
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
T: (216) 861-7485
dwarren@bakerlaw.com
crendon@bakerlaw.com
tbrennan@bakerlaw.com


F. Joseph Warin (*admitted pro hac vice*)
William S. Scherman (*admitted pro hac vice*)
Christopher W.H. Sullivan (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
Email:  fwarin@gibsondunn.com
Email:  wscherman@gibsondunn.com
Email:  csullivan@gibsondunn.com

*Counsel for Defendant Charles E. Jones*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Daniel R. Warren*

*Counsel for Defendant Charles E. Jones*